UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RECHAEL DRIVER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLARKSON DAVIS, a Texas limited liability corporation; JASON PEDIGO, an individual; COURTYARD SPOKANE DOWNTOWN AT THE CONVENTION CENTER, an unknown business entity; COURTYARD MANAGEMENT CORPORATION; a Delaware corporation; MARCOURT INVESTMENTS INCORPORATED, a Maryland corporation; and DOES 1 through 50,<br><br>　　　　　Defendants. | No.　2:17-CV-00303-SMJ<br><br><br>ORDER DENYING DEFENDANT PEDIGO'S MOTION TO DISMISS OR TRANSFER VENUE |

　　　　Before the Court is pro se Defendant Jason Pedigo's Motion to Dismiss, or Transfer Venue, ECF No. 34. Driver and Defendants Courtyard Spokane Downtown at the Convention Center, Courtyard Management Corporation and MarCourt Investment Incorporated (collectively, Courtyard Defendants) oppose the motion, and all parties submitted briefing in support of their positions. Pedigo argues this Court lacks personal jurisdiction and asserts that the proper venue for this matter is the Northern District of Texas. By separate order, this Court denied a

ORDER - 1

substantially identical motion submitted by defendants Clarkson Davis. ECF No. 65. Much of the Court's reasoning applies with equal force to the instant motion. In short, this Court has jurisdiction because Driver's claims are based on criminal conduct occurring in Spokane, Washington, to which Pedigo pleaded guilty. For the same reasons articulated in this Court's previous order regarding Clarkson Davis' motion to transfer venue, the interest of justice favors continued jurisdiction in this District. Accordingly, Pedigo's motion is denied in full.

## BACKGROUND

The facts of this case were set out in detail in this Court's Order Denying Clarkson Davis's Motion to Dismiss or Transfer Venue, ECF No. 65. Accordingly, they need not be addressed at length here. In short, Rechael Driver and her then-coworker Jason Pedigo travelled to Spokane, Washington for business in July 2015. While in Spokane, Pedigo attempted to spy on Driver by inserting a camera under the door separating their adjoining hotel rooms. Driver discovered the camera and called the police, who arrested Pedigo. Both Driver and Pedigo were eventually terminated from employment with Clarkson Davis.

In February 2017, Pedigo pleaded guilty to First Degree Criminal Trespass in violation of Wash. Rev. Code (RCW) § 9A.52.070-G. ECF No. 50-1. Pedigo received a sentence of 364 days with 3 days' credit for time served and 361 days suspended. Pedigo was placed under supervision for a period of 24 months.

On August 28, 2017, Driver filed two lawsuits, one in the Eastern District of Washington, and one in the Northern District of Texas. These lawsuits are based on the same underlying facts, however the suit in the Eastern District of Washington includes the Courtyard Defendants.

## LEGAL STANDARD

**A.     Burden of Proof and Evidence Considered**

Because there is no statutory method for resolving a motion to dismiss for lack of personal jurisdiction, district courts have broad discretion in selecting a mode of determination. *See Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). The Court may resolve the matter on the pleadings and affidavits, or it may consider discovery materials. "If a plaintiff's proof is limited to written materials, it is necessary only for these materials to demonstrate a prima facie showing of jurisdiction." *Id.* However, "if the pleadings and other submitted materials raise issues of credibility or other disputed questions of fact regarding jurisdiction, the district court has the discretion to take evidence at a preliminary hearing to resolve the contested issues." *Id.* In this situation, the plaintiff must establish the jurisdictional facts by a preponderance of the evidence. *Id.*

Here, it is possible to resolve the motion to dismiss on written materials alone. Accordingly, Driver must establish only a prima facie case for personal jurisdiction over Pedigo.

**B.     Personal Jurisdiction**

The Court "begins its personal jurisdiction analysis with the long-arm statute of the state in which the court sits." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach permitted by the United States Constitution. *See* RCW § 4.28.185. Because Washington's long-arm statute is coextensive with federal due process requirements, the jurisdictional analysis under state law and federal due process are the same. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).

Due process requires that the nonresident defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Keeton v. Hustler Magazine, Inc.*, 456 U.S. 770, 775 (1984). Specifically, "the defendant's suit-related conduct must create a substantial connection with the forum state." *Walden v. Fiore*, 134 S. Ct. 746, 753 (2014).

Personal jurisdiction exists in two forms: general and specific. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). Courts have general jurisdiction over a non-resident when the non-resident has "continuous systematic general business contacts that approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801. Personal jurisdiction exists when (1) the defendant purposefully availed himself of the laws of the forum state; (2) plaintiff's claims arise out of the defendant's activities in the forum state; and (3) the exercise of jurisdiction is reasonable. *Easter v. Am. W. Fin.*, 381 F.3d 948, 960–61 (9th Cir. 2004).

**C.  Venue**

Under 28 U.S.C. § 1391(b), a case may be brought in the venue in which any defendant resides, if all defendants are residents of the state in which the district is located, where a "substantial part" of the events or omissions giving rise to the claim occurred, or—if there is no other district—any jurisdiction in which any defendant is subject to the court's personal jurisdiction. If a matter is improperly venued, the Court may dismiss the case, or, in the interest of justice, transfer the case to the appropriate venue. 28 U.S.C. § 1406(a).

Where jurisdiction is proper, the Court may still transfer an action to any other district or division where it might have been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. 1404(a).

## DISCUSSION

**A. The Court has specific personal jurisdiction over Pedigo because Driver's claims arise from criminal activities in which Pedigo purposefully engaged while in Washington State.**

A court has jurisdiction over a claim sounding in tort when (1) the Defendant purposefully directed his actions at the forum state; (2) the claim arises out of defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice. *See Schwarzenegger*, 374 F.3d 797, 802 (9th Cir. 2004); *Wash. Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). If the plaintiff successfully establishes the first two prongs, the burden shifts to the defendant to set forth a compelling reason that the exercise of jurisdiction would not be reasonable. *Id.*

There is little question that Pedigo purposefully directed his actions towards Washington State. A defendant purposefully directs his actions at the forum state when he commits an intentional act expressly aimed at the forum state, which causes harm the defendant knows is likely to be suffered in that state. *Dole Food Co.*, 303 F.3d at 1111. While in Washington State, Mr. Pedigo engaged in criminal activity directed at Driver. Though Pedigo contends Driver manufactured the information she alleges in her complaint, he admits pleading guilty to misdemeanor trespassing. Accordingly, at a minimum, Driver's claims arise from the same

conduct to which Pedigo pleaded guilty. This is sufficient to establish personal jurisdiction under the purposeful direction test.

Because Driver has satisfied the first two prongs, the burden shifts to Pedigo to establish retaining jurisdiction is unreasonable. Courts in the Ninth Circuit consider seven factors in considering whether the exercise of jurisdiction is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of litigating in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's convenient and effective relief; and (7) the existence of an alternative forum. *Harris Rutsky & Co. Ins. Servs. v. Cell & Clements Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003).

On balance, the factors strongly favor this Court's continued jurisdiction. Regarding the first factor, the conduct Driver alleges—and even the lesser conduct to which Pedigo pleaded guilty—marks a substantial interjection into Washington State's affairs. With respect to factors two through four, Pedigo does not assert that travelling to Washington imposes an undue financial hardship or infringes on the interests of an alternative state. By separate order, this Court has already denied Defendant Clarkson Davis's motion to dismiss for lack of jurisdiction or transfer venue. Factors five and six therefore also greatly favor continued jurisdiction in this

District. Pedigo therefore has not met his burden to establish continued jurisdiction in this district would be unreasonable.

**B.　This matter is properly venued in this District because a substantial portion of the events giving rise to the claims occurred in Spokane, Washington.**

Pedigo also moves to dismiss the case for improper venue. Under 28 U.S.C. § 1391(b)(2), "venue is proper in a judicial district if 'a substantial part of the events or omissions giving rise to the claim occurred' in that district." *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001). Washington courts generally recognize that a tort claim "occurs" where the last event or omission giving rise to the claim takes place. *See MBM Fisheries, Inc. v. Bollinger Mach. Shop & Shipyard, Inc.*, 804 P.2d 627, 634 (Wash. Ct. App. 1991). Here, the events perpetrated by Pedigo in Spokane, Washington, either form the foundation for, or set in motion, Driver's claims. Accordingly, a substantial part of the events or omissions giving rise to the claims occurred in this District and venue is therefore proper.

**C.　The interest of justice favors retaining all of Driver's claims in this District.**

Finally, in the alternative, Pedigo moves to transfer this action to the Northern District of Texas under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought."

ORDER **-** 8

By separate order, this Court has already declined to transfer venue to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). ECF No. 65. The Court's reasoning applies equally to the instant motion and the Court therefore will not discuss the matter at length. In sum, the interest of justice, judicial economy, and the convenience of the Plaintiff and witnesses favor the Court's continued jurisdiction over the matter.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Pedigo's Motion to Dismiss or, in the Alternative, Motion to Transfer Venue, **ECF No. 34**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 20th day of December 2017.

SALVADOR MENDOZA, JR.
United States District Judge