Witherspoon Kelley
Daniel J. Gibbons, Esq. (WSBA 33036)
422 W. Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
Telephone: (509) 624-5265
Facsimile: (509) 458-2728
E-mail: djg@witherspoonkelley.com

Daley & Heft, LLP
Attorneys at Law
Robert R. Heft, Esq. (SBN 076739)
Samuel C. Gazzo, Esq. (SBN 212405)
Lee H. Roistacher, Esq. (SBN 179619)
462 Stevens Avenue, Suite 201
Solana Beach, CA 92075
Telephone: (858) 755-5666
Facsimile: (858) 755-7870
E-mail: rheft@daleyheft.com
        sgazzo@daleyheft.com
        lroistacher@daleyheft.com

*Attorneys for Plaintiff Rechael Driver*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RECHAEL DRIVER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CLARKSON-DAVIS, a Texas limited liability company; JASON PEDIGO, an individual; COURTYARD SPOKANE DOWNTOWN AT THE CONVENTION CENTER; an unknown business entity; COURTYARD MANAGEMENT CORPORATION, a Delaware corporation; MARCOURT INVESTMENTS INCORPORATED, a Maryland corporation; and DOES 1 through 50,<br><br>Defendants. | Case No.:   2:17-cv-00303-SMJ<br><br>**PLAINTIFF RECHAEL DRIVER'S OPPOSITION TO CLARKSON DAVIS'S MOTION FOR SUMMARY JUDGMENT**<br><br>Oral Argument Requested<br><br>Date:   May 22, 2018<br>Time:   10:00 a.m.<br>Judge:  Hon. Salvador Mendoza, Jr. |

PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT- 1

S1689536

**WK  WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300

Phone: 509.624.5265
Fax: 509.458.2728

## INTRODUCTION

The Court should deny Clarkson Davis's motion for summary judgment in its entirety. To begin with, the motion was filed prematurely, before any discovery has been conducted, and so should be denied without prejudice under Rule 56, subdivision (d) of the Federal Rules of Civil Procedure.[1]

Should this Court decide to rule on the merits of Clarkson's motion, plaintiff submits that the motion should be denied for the following reasons:

As to plaintiff's outrage claim asserted against Clarkson directly, there is a question of fact whether the manner in which Clarkson terminated plaintiff is outrageous.

As to the direct negligent infliction of emotion distress claim, Clarkson's motion should be denied because there is a question of fact whether Clarkson's negligent failure to take any action in response to plaintiff's complaints about Jason Pedigo were the cause of the emotional distress she suffered as a result of Pedigo's torts against plaintiff.

As to plaintiff's claims brought under federal statutes, Clarkson's motion should be denied because plaintiff has not had the opportunity to conduct any discovery on this issue and granting the motion would be unfair to plaintiff and a violation of her due process rights.

## FACTS

Clarkson has accepted all facts alleged in plaintiff's complaint, and so plaintiff will not restate them here. However, contrary to Clarkson's assertion, plaintiff continues to have reason to believe Clarkson may have had at least fifteen employees in 2015 and 2016. Declaration of Rechael Driver, ¶¶ 3-5.

---

[1] Plaintiff has, in fact, filed a separate Rule 56(d) motion at ECF, no. 86.

PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT- 2

S1689536

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

1   In or about March 2016, plaintiff inadvertently received an internal Clarkson email which discussed the potential termination of Jason Pedigo. Driver Decl., ¶ 6. Plaintiff was told by Tanya MacDonald almost immediately after receiving the email to delete it, which she did. Driver Decl., ¶ 6. Plaintiff does not know why Clarkson was considering Pedigo's termination in about March 2016. Driver Decl., ¶ 6.

During all business trips required by Clarkson, plaintiff typically would work on behalf of Clarkson and its clients before and after business hours in her hotel room. Driver Decl., ¶ 7. On the trip in question to Spokane in July 2016, plaintiff worked each night in her hotel room analyzing data obtained earlier in the day from clients to prepare deliverables to be given to the clients the next day. Driver Decl., ¶ 8. During her before- and after-hours work in her hotel room, plaintiff communicated by email or text with Jason Pedigo and Wyatt Davis regarding her work and was given direction by them. Driver Decl., ¶ 9.

After plaintiff returned home from Spokane to begin recovery from Jason Pedigo's acts, plaintiff's father inquired of Wyatt Davis whether plaintiff could make a claim for her injuries under Texas Worker's Compensation; Wyatt Davis said no. Driver Decl., ¶ 10; Email from Wyatt Davis to Michael Driver attached as Exhibit "A."

## LEGAL ARGUMENT

**Plaintiff's outrage claim against Clarkson does not fail as a matter of law and whether Clarkson' treatment of Plaintiff following the "Pedigo Incident" rises to the level of outrage is a jury question**

Whether conduct is sufficiently outrageous is ordinarily a question for the jury, but it is initially for the court to determine if reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability. *Phillips v.*

PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT- 3

S1689536



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

1  *Hardwick*, 29 Wash. App. 382, 387 (1981).  Here, it is beyond any doubt that
2  reasonable minds would find Clarkson's conduct outrageous.

3      The elements of the tort of outrage are extreme and outrageous conduct,
4  intentional or reckless infliction of emotional distress, and resulting severe
5  emotional distress.  *Dicomes v. State*, 113 Wash.2d 612, 630 (1989).  The
6  conduct must be "so outrageous in character, and so extreme in degree, as to go
7  beyond all possible bounds of decency, and to be regarded as atrocious, and
8  utterly intolerable in a civilized community."  *Grimsby v. Samson*, 85 Wash.2d
9  52, 59 (1975).  "The conduct must be of the type that would arouse the
10 resentment of average community members against the actor and lead them to
11 exclaim 'Outrageous!'"  *McBrearty v. Livengood*, 117 Wash. App. 1094 (2003).

12     While plaintiff's claim arises from the actions of Clarkson in its capacity
13 as plaintiff's employer and concerns plaintiff's termination, this does not render
14 plaintiff's claim meritless as a matter of law as Clarkson argues.  While the act
15 of termination alone does not amount to outrage, "[i]t is the manner in which a
16 discharge is accomplished that might constitute outrageous conduct."  *Dicomes*
17 *v. State*, 113 Wash. 2d 612, 630 (1989); *Richards v. Healthcare Res. Grp., Inc.*,
18 131 F. Supp. 3d 1063, 1074 (E.D. Wash. 2015).

19     The court must initially determine if reasonable minds could differ on
20 whether the manner in which Clarkson terminated plaintiff was sufficiently
21 extreme to result in liability.  *Dicomes*, 113 Wash.2d at 630. Then the
22 determination of whether the conduct is sufficiently outrageous becomes a
23 question for the jury. *Id.*; *Corey v. Pierce Cty.,* 154 Wash. App. 752, 763
24 (2010).  Clarkson's maltreatment of plaintiff following Pedigo's misconduct is
25 such that reasonable minds could differ on whether Clarkson's conduct was
26 sufficiently extreme to result in liability.

27     Clarkson has accepted all of plaintiff's factual allegations as true.
28 PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT- 4

1  Motion, ECF, no. 81, 1:26-27, 3:6-11.  Thus, Clarkson knew: plaintiff
2  complained about being uncomfortable traveling with her supervisor, Pedigo,
3  yet Clarkson continued sending her on business trips with him; while on a
4  business trip for Clarkson, Pedigo spied on plaintiff in the nude and was
5  arrested; emotionally devastated and fearful of returning to the workplace,
6  plaintiff pursued mental health treatment; plaintiff needed to complete her
7  mental health treatment and ensure she was safe from Pedigo in the Clarkson
8  workplace prior to her return.  ECF, no. 82, facts # 35-39 and 43; Complaint, ¶¶
9  51-55, 59. Wyatt Davis, an owner of Clarkson, lulled plaintiff in to a false sense
10 of security by telling her that he wanted "very much to be sure [Plaintiff] is
11 protected and cared for," that he and Janet Clarkson-Davis "care for [Plaintiff]
12 very much," and that she should "take [her] time" in recovering from the
13 trauma, that she should not "worry about anything on this end – we have it
14 covered," and gave plaintiff express permission to complete her course of
15 therapy before returning to work.  ECF, no. 82, facts # 39-40, 42, and 47;
16 Complaint, ¶¶ 55-56, 58, 63.  Despite these patently false assurances and
17 without even inquiring about the status of plaintiff's mental health treatment or
18 agreeing on a plan of workplace accommodations to keep plaintiff safe from
19 Pedigo, Davis instructed plaintiff in a weekend text communication she must
20 return to work on Tuesday August 16, 2016, only about two weeks after the
21 worst day of plaintiff's life.  ECF, no. 82, facts # 49; Complaint, ¶¶ 65.  But it
22 gets worse.  Davis summarily terminated plaintiff without any further notice on
23 Monday August 15, 2016, a full day *before* his self-imposed August 16th
24 deadline.  ECF, no. 82, facts # 50; Complaint, ¶ 66.  These patently outrageous
25 facts are undisputed.  Only a jury can decide if Clarkson's conduct was
26
27
28 PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT- 5

WITHERSPOON·KELLEY
Attorneys & Counselors

S1689536            422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
                    Spokane, Washington 99201-0300          Fax: 509.458.2728

sufficiently outrageous to impose liability on Clarkson.[2]

**Plaintiff's claim for negligent infliction of emotional distress does not fail as a matter of law and it presents questions of fact for the jury.**

Plaintiff must be clear that her claim for negligent infliction of emotional distress [Complaint, ¶¶ 146-156] is premised on Clarkson's negligent supervision and retention of Pedigo after plaintiff complained about him to her prior supervisor. ECF, no. 82, facts # 11-12; Complaint, ¶¶ 24-29.

**Clarkson cannot rely on workers compensation exclusivity under Texas law.**

Clarkson argues that Texas Workers' Compensation Act preempts plaintiffs' claim for negligent infliction of emotional distress. Plaintiff's claim is alleged under Washington law and, without more detailed analysis from Clarkson, must be decided under Washington law. If Clarkson believes the law of Texas should apply, the burden was on Clarkson to establish that it does with a conflicts of law analysis; Clarkson has failed to do so. *See Burnside v. Simpson Paper Co.*, 123 Wash. 2d 93, 100 (1994) [Washington law applies unless defendant establishes it does not apply]; *Nichols v. Fed. Deposit Ins.*

---

[2] Clarkson-Davis also argues that plaintiff's outrage claim should be dismissed because it is duplicative of her employment claims. Clarkson-Davis rightly notes that "outrage should allow recovery only in the absence of other tort remedies", *Rice v. Jaovich*, 109 Wn.2d 48, 62 (1987), but it has not yet been determined whether plaintiff has other tort remedies for the emotional distress suffered. Indeed, Clarkson-Davis argues to dismiss the allegedly duplicative employment claims.

PLAINTIFF'S OPPOSITION TO
MOTION FOR SUMMARY
JUDGMENT- 6



*Corporation*, No. C14-1796RSM, 2016 WL 696389, at *3 (W.D. Wash. Feb. 22, 2016) [party seeking application of another state's law bears the burden of demonstrating that a conflict of law exists].

Even if Texas law applied, Clarkson is estopped from asserting workers compensation as the exclusive remedy under Texas law based on one simple fact. *See e.g.*, *Coastal Masonry, Inc. v. Gutierrez*, 30 So. 3d 545, 548 (Fla. Dist. Ct. App. 2010) [employer estopped from asserting workers compensation exclusivity where employer has taken inconsistent positions]. Plaintiff, through her father, inquired to Clarkson to pursue a workers compensation claim; however Clarkson summarily rejected the notion, represented that her potential claim was not covered by workers compensation, and declined to pursue it further. Driver Decl., ¶ 10; Exhibit "A".

**Under Washington law, negligence claims against an employer are not preempted by workers' compensation statutes when the negligent acts injure an employee, and such acts are not in the nature of employee discipline**

"Whether negligent infliction of emotional distress is a cognizable claim in an employment context or is barred by the exclusive remedy provisions of [workers compensation law] is a question of law." *Chea v. Men's Wearhouse, Inc.*, 85 Wash. App. 405, 411–12 (1997). Under the undisputed facts, plaintiff's NIED claim survives workers compensation exclusivity because her emotional injures do "not result from an employer's disciplinary acts or its response to a personality dispute." *Chea v. Men's Wearhouse*, Inc., 85 Wash. App. 405, 407.

As explained by *Chapman v. Progress Rail Services Corporation*, No. C14-5680 RJB, 2015 WL 7345761, at *9 (W.D. Wash. Nov. 19, 2015):

> Under Washington's worker's compensation statute, the Industrial Insurance Act (IIA), RCW 51.24.010, *et seq.*, workers are generally barred from suing employers over work place injuries

PLAINTIFF'S OPPOSITION TO
MOTION FOR SUMMARY
JUDGMENT- 7



because the IIA provides an exclusive remedy. See *Vallandingham v. Clover Park Sch. Dist.*, 154 Wn. 2d 16, 26 (2005). The Washington State Supreme Court recognizes exceptions to this statute for claims for discrimination and physical or emotional injuries flowing from that discrimination. *Goodman v. Boeing Co.*, 127 Wash. 2d 401 (1995). Washington courts have also held that, in some instances, the IIA does not bar a separate claim for emotional injuries as a result of an employer's negligence or physical assault. *Chea v. Men's Wearhouse, Inc.,* 85 Wash. App.405 (1997).

**Plaintiff has alleged sufficient facts supporting an NEID claim against Clarkson.**

"A plaintiff may recover for negligent infliction of emotional distress if she proves duty, breach, proximate cause, damage, and objective symptomology." *Kumar v. Gate Gourmet, Inc.*, 180 Wash. 2d 481, 505 (2014) (internal quote marks omitted). As summarized by an Eastern District of Washington Court:

> To succeed on a claim of negligent infliction of emotional distress against one's employer, a plaintiff must show: "(1) that her employer's negligent acts injured her, (2) the acts were not a workplace dispute or employee discipline, (3) the injury is not covered by the Industrial Insurance Act, and (4) the dominant feature of the negligence claim was the emotional injury." *Snyder v. Medical Serv. Corp. of Eastern Wa.*, 98 Wash. App. 315, 323, 988 P. 2d 1023 (Wash. Ct. App. 1999) ("Snyder I") affirmed by Snyder II, 145 Wash. 2d 233, 35 P. 3d 1158.

*Richards v. Healthcare Res. Grp., Inc.*, 131 F. Supp. 3d 1063, 1075 (E.D. Wash. 2015).

Here, plaintiff alleges the negligent failure of Clarkson to protect her from Pedigo. Complaint, ¶¶ 146-156. The negligence was clearly not related to a workplace dispute or employee discipline, rather it was about Clarkson's failure to protect plaintiff while traveling out of state on Clarkson business under the direct supervision and total control of Pedigo. Indeed, Pedigo possessed and controlled the Clarkson credit card; only Pedigo could rent a car (because Plaintiff was too young to rent one on her own); and Pedigo paid for

S1689536



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

1  all hotel accommodations and food. Complaint, ¶¶ 31-32. Clarkson does not
2  dispute that plaintiff raised concerns about traveling alone with Pedigo and did
3  nothing. ECF no., 82, facts # 11-12; Complaint, ¶¶ 27-28. Although not
4  alleged in the Complaint, Clarkson actually considered terminating Jason
5  Pedigo in or about March 2016 for reasons presumably related to plaintiff's
6  concerns about him. Driver Decl., ¶ 6. Finally, plaintiff has alleged, and
7  Clarkson has accepted as true, that Clarkson's negligence allowed Pedigo to spy
8  on plaintiff in the nude resulting in her severe emotional injuries with physical
9  manifestation. ECF no., 82, facts # 22-24, 38-39, 41, 45, 47, 51, 53, 56;
10 Complaint, ¶¶ 38-40, 54-55, 57, 61, 63, 67, 69, and 72.

11    Thus, the only way Clarkson can defeat this claim at the summary
12 judgment stage is to show as a matter of law Clarkson had no duty to prevent
13 one of its employees from harming another. Clearly, Clarkson had such a duty.

> Even where an employee is acting outside the scope of employment, the relationship between employer and employee gives rise to a limited duty, owed by an employer to foreseeable victims, to prevent the tasks, premises, or instrumentalities entrusted to an employee from endangering others. This duty gives rise to causes of action for negligent hiring, retention and supervision. Liability under these theories is analytically distinct and separate from vicarious liability. These causes of action are based on the theory that "such negligence on the part of the employer is a wrong to [the injured party], entirely independent of the liability of the employer under the doctrine of respondeat superior." *Scott v. Blanchet High Sch.,* 50 Wash. App. 37, 43, 747 P. 2d 1124 (1987) (quoting 53 Am.Jur.2d *Master and Servant* § 422 (1970)), *review denied,* 110 Wash. 2d 1016 (1988).
>
> Washington cases have generally held that an employer is not liable for negligent supervision of an employee unless the employer knew, or in the exercise of reasonable care should have known, that the employee presented a risk of danger to others.

*Niece v. Elmview Grp. Home*, 131 Wash. 2d 39, 48–49 (1997); *Campbell v. United States*, No. C10-851 MJP, 2010 WL 11474951, at *4 (W.D. Wash. Nov. 15, 2010) [citing *Niece*]; see also *Bartlett v. Hantover*, 9 Wash. App. 614

PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT- 9

WK WITHERSPOON·KELLEY
Attorneys & Counselors

S1689536
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
Phone: 509.624.5265
Fax: 509.458.2728

(1973) [duty owed by employer to protect employees from criminal activity to which the employment exposes the employee], reversed on other grounds, 84 Wash.2d 426, (1974); *Rosen v. First Manhattan Bank*, 84 N.Y. 2d 856, 857, 641 N.E. 2d 1073, 1074 (1994) [employee's assault and killing of co-employee arose out of and in the course of his employment such that it was compensable by workers compensation death benefits].

Therefore, this Court should deny Clarkson's summary judgment motion as to plaintiff's negligent infliction of emotional distress claim.

**Plaintiff is unable to present facts opposing Clarkson's assertion that it is not an "employer" under Title VII and the ADA because she has not been able to conduct any discovery on that topic.**

Plaintiff is at a disadvantage responding to this argument because plaintiff has not been able to conduct discovery on this issue. Plaintiff has separately moved under Rule 56(d) for a continuance or outright denial of Clarkson's motion. ECF no. 86. Plaintiff must be able to conduct discovery in order to protect her due process rights and be able to determine if Clarkson's argument is valid or if there are facts which would contradict Clarkson's assertions that it never had fifteen employees during the material time.

## CONCLUSION

The facts admitted by Clarkson certainly sustain Plaintiff's outrage and negligent infliction claims as a matter of law and fact, and require decision by a

/////
/////
/////
/////

PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT- 10



S1689536

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

jury. The remainder of Clarkson's motion is manifestly premature for the reasons set forth. Plaintiff therefore respectfully requests this Court deny Clarkson's motion in its entirety.

Dated this 16th day of April, 2018                    WITHERSPOON KELLEY

By: */s/ Daniel J. Gibbons*
Daniel J. Gibbons, WSBA #33036
*Attorneys for Plaintiff*

PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT- 11

S1689536

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
Phone: 509.624.5265
Fax: 509.458.2728

# CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April, 2018,

1.　I caused to be electronically filed the foregoing Plaintiff's Opposition to Motion for Summary Judgment with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Daniel E. Thenell: | dan@thenelllawgroup,com |
| Barry A. Johnsrud: | johnsrudb@jacksonlewis.com |
| Chad E. Arcenaux: | chad.arceneaux@jacksonlewis.com |
| Mehronissa Modgil: | mehronissa.modgil@jacksonlewis.com |
| Victor Corpuz: | CorpusV@jacksonlewis.com |
| Sarah N. Turner: | sturner@gordonrees.com |

2.　I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants at the address listed: **None.**

3.　I hereby certify that I have mailed by United States Postal Service the document to the following CM/ECF participants at the address listed below: **None.**

4.　I hereby certify that I have hand-delivered the document to the following participants at the addresses listed below: **None.**

WITHERSPOON KELLEY

By: */s/ Daniel J. Gibbons*
Daniel J. Gibbons, WSBA #33036
*Attorneys for Plaintiff*

PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT- 12

S1689536

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
Phone: 509.624.5265
Fax: 509.458.2728