Daniel E. Thenell, WSBA No. 37297
Email: dan@thenelllawgroup.com
Thenell Law Group, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496
Of Attorneys for Defendants Courtyard Management Corporation, Marcourt Investments Incorporated, and Courtyard Spokane Downtown at the Convention Center

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RECHAEL DRIVER, an individual,<br><br>        Plaintiff,<br><br>   vs.<br><br>CLARKSON-DAVIS, a Texas limited liability company; JASON PEDIGO, an individual; COURTYARD SPOKANE DOWNTOWN AT THE CONVENTION CENTER, an unknown business entity; COURTYARD MANAGEMENT CORPORATION, a Delaware corporation; MARCOURT INVESTMENTS INCORPORATED, a Maryland corporation, and DOES 1 through 50.<br><br>        Defendants. | Case No. 2:17-CV-00303-SMJ<br><br>DEFENDANT COURTYARD SPOKANE DOWNTOWN AT THE CONVENTION CENTER'S MOTION TO QUASH DEPOSITION NOTICE OF PERSON MOST KNOWLEDGEABLE AND REQUEST FOR REPRODUCTION OF DOCUMENTS |

/ / /

/ / /

DEFENDANT COURTYARD SPOKANE DOWNTOWN AT THE CONVENTION CENTER'S MOTION TO QUASH DEPOSITION NOTICE OF PERSON MOST KNOWLEDGEABLE AND REQUEST FOR REPRODUCTION OF DOCUMENTS   (W. Wa Case No. 2:17-CV-00303-SMJ)   Page 1

13 I 2
THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

## I.    MOTION

COMES NOW Defendant Courtyard Spokane Downtown at the Convention Center ("Defendant"), pursuant to FRCP 45 (d)(3)(A) and (B) hereby requests the Court quash the Amended Notice of Intent to Take Deposition of Courtyard Spokane Downtown at the Convention Center's  ("Courtyard Spokane") Person Most Knowledgeable and enter a protective order for Plaintiff's attached  Request for Production of Documents. Declaration of Daniel E. Thenell, Ex. F ("DET Dec."). Pursuant to FRCP 37, the parties involved have conferred regarding the issues addressed in this motion and cannot reach a resolution without court assistance.

## II.    BACKGROUND

### A. Factual Background

This case arises out of Plaintiff Rechael Driver's claims that a co-worker, Jason Pedigo, used a Ryobi scope underneath adjoining doors to view Plaintiff while they were both on a business trip and staying at the Courtyard Spokane on or about July 27, 2016.  ECF #1.  Plaintiff sued the Mr. Pedigo, her employer, and the hotel, Courtyard Spokane, as well as Courtyard Management Corporation, Courtyard Management Corporation and Marcourt Investments Incorporated (collectively "Hotel Defendants") , alleging she suffered emotional injury as a result of this incident which she claims led to medical treatment and the loss of her job. *Id.*

Plaintiff's Complaint alleges against the Hotel Defendants, which include Spokane Courtyard, negligence and negligent infliction of emotional distress for:

- the "failure to adhere to and otherwise comply with applicable local government building codes, regulations, standards of care, custom, and practice as applied to public hotels, and Marriott's standard design

DEFENDANT COURTYARD SPOKANE DOWNTOWN AT THE CONVENTION CENTER'S  MOTION TO QUASH DEPOSITION NOTICE OF PERSON MOST KNOWLEDGEABLE AND REQUEST FOR REPRODUCTION OF DOCUMENTS   (W. Wa Case No. 2:17-CV-00303-SMJ)    Page 2

13 I 2
THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

specifications relating to the "connector", or adjoining room door threshold seals and undercut spacing." ECF #1, ¶ 157-165.

- The failure of the "door between the hotel rooms occupied by Pedigo and Plaintiff" to comply with "HOTEL DEFENDANTS" own privacy standards because there was a large gap between the bottom of the door and the floor sufficient  enough to enable Pedigo to pass the probe of his spy camera underneath the door, and invade Plaintiff's privacy by watching and/or recording her in the nude." ECF #1, ¶ 162.

- That the negligence of the of the Hotel Defendants caused Mr. Pedigo to invade Plaintiff's privacy. ECF #1, ¶ 163.

**B. Washington Law does not allow the Courtyard Spokane, or any of the other Hotel Defendants to be  liable for  the criminal acts of others**

In Washington, a business may not be liable for the criminal acts of others on the premises unless the act was imminent or reasonably foreseeable. *Nivens v. 7-11 Hoagy's Corner*, 133 Wash.2d 192 , 943 P.2d 286 (1997).

Here, the criminal acts of Mr. Pedigo were not "imminent" at the time Courtyard Spokane learned about it, after the fact.  Additionally, as discussed in more detail below, the Spokane Courtyard employees deposed thus far, all testified the incident alleged in the Complaint was  the first occurrence of its kind at the Courtyard Spokane and could not be reasonably foreseeable.

**C. Plaintiff has had extensive discovery in this case and still cannot point to any basis for the Hotel Defendant's liability**

To date, the Hotel Defendants have provided five representatives for Plaintiff's requested FRCP 30(b)(6) depositions, produced all relevant discovery and

DEFENDANT COURTYARD SPOKANE DOWNTOWN AT THE CONVENTION CENTER'S  MOTION TO QUASH DEPOSITION NOTICE OF PERSON MOST KNOWLEDGEABLE AND REQUEST FOR REPRODUCTION OF DOCUMENTS   (W. Wa Case No. 2:17-CV-00303-SMJ)    Page 3                         13 I 2

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

allowed for a comprehensive site inspection that lasted over two hours. DET Dec., ¶2-6.

The Hotel Defendants FRCP 30(b)(6) representatives include:

1.    Pam Alfaro-the General Manager at Courtyard Spokane

2.    Christopher Mount – the assistant general manager of Courtyard Spokane

3.    Lois Franz – the operations supervisor at Courtyard Spokane

4.    Bob Bower- the Chief Engineer at Courtyard Spokane

5.    Ronnie Parsley – the night housekeeper

In addition, the Hotel Defendants have produced to Plaintiff:

1.    The blue prints for the Courtyard Spokane;

2.    The Courtyard Marriot Design Standards from 1987 when the hotel was built;

3.    The floor/plans building drawings for Courtyard Marriot from 1987 when the hotel was built.

4.    Inspection records for Rooms 205 and 207.

All documents related to design standards have already been produced to Plaintiff. DET Dec., ¶4.

The Courtyard Spokane representatives testified the subject incident was the first one of its kind that ever occurred at the hotel.  Ms. Alfaro who has been the general manager at the Courtyard Spokane for 19 years, testified there has never been any complaints of a guest spying on another guest.  DET Dec.,  ¶5, Ex. A, P. 55:13-17; 56:24-57:4. Ms. Alfaro has never received reports of "peeping tom" activity at the Courtyard Spokane.  *Id.* at P. 57:9-13. She also testified that the first time the hotel was made aware the gap underneath the doors may have been an issue

DEFENDANT COURTYARD SPOKANE DOWNTOWN AT THE CONVENTION CENTER'S  MOTION TO QUASH DEPOSITION NOTICE OF PERSON MOST KNOWLEDGEABLE AND REQUEST FOR REPRODUCTION OF DOCUMENTS   (W. Wa Case No. 2:17-CV-00303-SMJ)    Page 4                13 I 2
THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

was the subject incident. *Id*. at P. 67:3-10. Mr. Bower similarly testified the Driver incident was the first time anything had happened in the whole Marriot organization. *Id*., Ex. D at 48: 4-9. Ms. Franz, the operations supervisor, also testified she had never heard of a guest spying on another guest under a connecting door. *Id*., Ex. C at P. 33:21-25, 34:1-8. Mr. Mount testified nothing like the allegations made in the Complaint had ever occurred at the Courtyard Spokane. DET Dec., ¶6, Ex. B, P. 16: 16-17:5.

In addition, any tangentially relevant standard operating procedures have already been provided and Ms. Alfaro has already testified about them. At her deposition, Ms. Alfaro searched the SOPs online for any procedures or protocols relating to spying and voyeurism and none existed. P. 53:47:16-48:1. Ms. Alfaro searched guest complaints and privacy; however, the search did not return any related SOPs.

It is the Hotel Defendant's position that Plaintiff's requests for discovery seek a Spokane Courtyard Designee on a multitude of irrelevant matters in light of Plaintiff's Complaint which seeks to impose liability on the Hotel Defendants for (1) the alleged failure to meet design standards and (2) for the criminal acts of Mr. Pedigo-over which the hotel had no relationship nor control. Given the allegations in Plaintiff's Complaint, the only relevant topics would be those which touch on whether the Courtyard Spokane met the applicable design standards and building codes back when it was built between 1987 and 1989. Moreover, since Washington law does not allow for liability for the criminal acts of others, to the extent the topics seek to depose a designee on any potential basis for liability for Mr. Pedigo's acts, the FRCP 30 (b)(6) notice seeks to depose a Courtyard Spokane designee on irrelevant topics.

13 I 2
THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

Plaintiff's FRCP 30(b)(6) notice also purports to have a designee provide testimony that would amount to expert testimony and legal conclusions regarding whether the Courtyard Spokane's design met design standards.  DET Dec., Ex. F, Topics 1-3.

Lastly, the only design standards that are relevant to any basis for liability have already been produced.  DET Dec. ¶4. Plaintiff's notice seeks design and remodel documents outside of the relevant time frame and seeks documents which would only be relevant if the Hotel Defendants could be held liable for the criminal acts of others-they cannot.  Id., Ex. F, Requests 1-7.

Because of the breadth of Plaintiff's FRCP 30 (b)(6) notice and document request, it is the Hotel Defendants' position that the Plaintiff's FRCP 30 (b)(6) notice should be quashed as unduly burdensome and the court enter a protective order for the document requests.

### III.    POINTS AND AUTHORITIES

1. Deposition topics 1-14  seek Irrelevant Information

Defendant objects to each of Plaintiff's deposition topics, as the only relevant topic is whether the connecting doors between rooms 205 and 205, where Plaintiff and Mr. Pedigo were staying,  were compliant with the applicable building codes in 1987 and 1989 when the Spokane Courtyard was built.  Plaintiff's proposed topics seeking information regarding whether the doors met Marriot Design Standards "after its constructions and before July 27, 2016" seeks testimony on a time frame which is irrelevant. DET Dec., Ex. F, Topics 1-3 & 6.  Plaintiff also seeks testimony from a designee regarding the modifications to the adjoining doors in 2013, which is also irrelevant. Id., Topics 4-5.  Whether Defendant modified the doors later, has

DEFENDANT COURTYARD SPOKANE DOWNTOWN AT THE CONVENTION CENTER'S  MOTION TO QUASH DEPOSITION NOTICE OF PERSON MOST KNOWLEDGEABLE AND REQUEST FOR REPRODUCTION OF DOCUMENTS   (W. Wa Case No. 2:17-CV-00303-SMJ)    Page 6                13 I 2

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

no bearing on whether the doors were in compliance with code when the hotel was built.

Similarly, Plaintiff requests for designees regarding the quality assurance inspection and the forms used are irrelevant as they have no bearing on whether the doors met building code. *Id.*, Topics 9-12. Moreover, since all witnesses testified this was the first event of its kind at the hotel, the quality inspections between January 1, 2016 and December 31, 2016, not only address an irrelevant time frame, but in substance is also irrelevant as Courtyard Spokane could not have been on notice there was even a potential issue with the connecting doors in rooms 205 and 207. *Id.*, Topic 9. Plaintiff's request for a designee who could testify as to the reason door sweeps were included on the inspections forms has no relevant as to whether the connecting doors at issue met code, nor did it have any relevance as to whether Courtyard Spokane had notice of a potential issue with the door sweeps since this incident had not previously occurred at the hotel. *Id.*, Topic 10 and Ex. A, P. 55:13-17; 56:24-57:4; Ex. B, P. 16: 16-17:5; Ex. D at 48: 4-9

Lastly, the person who authorized use of the door shoes on the connection doors and who installed the doors has no bearing on whether the building code between 1987 and 1989 were met. DET Dec, Ex. F, Topics 13-14.

Topic number 8, "the manner in which - e.g., training, testing, etc. – Marriott International ensures that its employees working at the Courtyard Spokane comply with all Marriott policies, procedures and standards", is irrelevant because Ms. Alfaro has already testified there are no policies or procedures regarding how to respond to an incident such as the one at issue here. She testified the only SOP related to working with the police instructed employees of Marriot International to work with police investigations. Further, there are no SOPs related to guest on guest

DEFENDANT COURTYARD SPOKANE DOWNTOWN AT THE CONVENTION CENTER'S MOTION TO QUASH DEPOSITION NOTICE OF PERSON MOST KNOWLEDGEABLE AND REQUEST FOR REPRODUCTION OF DOCUMENTS (W. Wa Case No. 2:17-CV-00303-SMJ) Page 7

13 I 2
THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

complaints. DET Dec., ¶5, Ex. A, P. 46:20-23.  She searched the intranet for SOPs related to guest complaints generally, but the only SOPS related to how to evict a guest for non-payment and how to respond to complaints of spa staff failing to do their job. *Id.*, at P. 48: 3-9.  Since no policies and procedures on point exist, Topic 8 is  irrelevant.

Plaintiff has already taken five depositions of Courtyard Spokane's employees and had their own experts perform a site inspection of the Courtyard Spokane.  Even with extensive discovery, Plaintiff has been unable to  find a scintilla of evidence that any of the Hotel Defendants had any liability.  The deposition for  designee on irrelevant matters is nothing more than a fishing expedition.

2. Topic 1-14 seek testimony regarding potential liability for the criminal acts of others

Spokane Courtyard does not dispute the incident occurred.  However, considering the testimony of its five employees, who stated this was the first incident of its kind at the hotel, the only other basis for liability is whether the connecting doors met building code and whether the Hotel Defendants are liable for the criminal acts of Mr. Pedigo.   Under  Washington law, Courtyard Spokane cannot be liable for the criminal acts of Mr. Pedigo and as such, deposition topics 1-14 are irrelevant to the extent they seek to depose Courtyard Spokane employees on subjects which it could have no liability.

3. Topics 1-3 seek legal and expert opinion conclusions

Topics 1-3 seek in essence to have a Courtyard Spokane designee testify as to whether the connecting doors met Marriot's design standards.   These topics essentially seek to provide the designee with a copy of the design standards and then question the designee as to whether the hotel met those standards.  Such topic is

DEFENDANT COURTYARD SPOKANE DOWNTOWN AT THE CONVENTION CENTER'S  MOTION TO QUASH DEPOSITION NOTICE OF PERSON MOST KNOWLEDGEABLE AND REQUEST FOR REPRODUCTION OF DOCUMENTS   (W. Wa Case No. 2:17-CV-00303-SMJ)    Page 8

13 l 2
THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

properly reserved for an expert deposition, not an FRCP 30(b)(6) deposition. Additionally, the topic, when posed to lay persons, calls for a legal conclusion, which is also not an appropriate subject for an FRCP 30(b)(6) deposition. Moreover, Plaintiff has an expert and has already been provided with the relevant blueprints and designs. Plaintiff had a lengthy inspection of the hotel.

### 4. <u>Deposition topic 7  has already been addressed</u>

Topic number 7, whether there were any SPOs on July 27, 2016 that addressed the manner in which Courtyard Spokane employees should have responded to the incident, has already been addressed in Ms. Alfaro's deposition. Ms. Alfaro testified there were no SPOs on point. Further, Ms. Alfaro went so far as to look up even tangentially relevant SPOs, such as ones regarding how to respond to guest complaints and provided them to Plaintiff's counsel. Plaintiff addressed this topic at length with Ms. Alfaro.  The Hotel Defendants' discovery responses indicated there were no SPO's on point.  Plaintiff's attempt to obtain another deposition on the same topic is not only a fishing expedition but an abuse of the judicial process.

### 5. **Plaintiff's document requests seek irreverent documents**

Plaintiff's document request seeks documents relating to design standards from well after the hotel was built.  The only design standards that are relevant to any basis for liability, the standards at  the time the hotel was built, have already been produced.  DET Dec. ¶4.  Plaintiff's document request 1-4 seek irrelevant documents, as Plaintiff requests design and remodel documents outside of the relevant time frame.    DET Dec., Ex. F., Requests 1-4. Similarly, Request 5, seeks any documents regarding the replacement or modification of the doors, which is not relevant in light of Plaintiff's Complaint, which only alleges the Hotel Defendants were negligent by failing to meet building codes/standards for the connecting doors

DEFENDANT COURTYARD SPOKANE DOWNTOWN AT THE CONVENTION CENTER'S  MOTION TO QUASH DEPOSITION NOTICE OF PERSON MOST KNOWLEDGEABLE AND REQUEST FOR REPRODUCTION OF DOCUMENTS   (W. Wa Case No. 2:17-CV-00303-SMJ)    Page 9          13 I 2

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

in 205 and 207.   Lastly, since the Hotel Defendants cannot be liable for the criminal acts of Mr. Pedigo, Request 6 and 7, which seeks documents or protocols related to onboarding employees and procedures for assigning connecting rooms seeks irrelevant  documents because regardless of any procedures which may exist, the Hotel Defendants cannot be liable for Mr. Pedigo's actions.

## IV. CONCLUSION

WHEREFORE, Courtyard Spokane respectfully ask the Court for an Order quashing the noticed depositions and for a protective order regarding the requested documents.

DATED this 10th day of December, 2018.

THENELL LAW GROUP, P.C.

By:   /s/ Daniel E. Thenell
Daniel E. Thenell, WSBA No. 37297
E-mail:  dan@thenelllawgroup.com
Telephone: (503) 372-6450
*Of Attorneys for Defendants
Courtyard Management
Corporation, Marcourt Investments
Incorporated, and Courtyard
Spokane Downtown at the
Convention Center*

DEFENDANT COURTYARD SPOKANE DOWNTOWN AT THE CONVENTION CENTER'S  MOTION TO QUASH DEPOSITION NOTICE OF PERSON MOST KNOWLEDGEABLE AND REQUEST FOR REPRODUCTION OF DOCUMENTS   (W. Wa Case No. 2:17-CV-00303-SMJ)    Page 10          13 I 2

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 10, 2018, I served the foregoing **DEFENDANT COURTYARD SPOKANE DOWNTOWN AT THE CONVENTION CENTER'S  MOTION TO QUASH DEPOSITION NOTICE OF PERSON MOST KNOWLEDGEABLE AND REQUEST FOR REPRODUCTION OF DOCUMENTS**  on:

| | |
|---|---|
| Daniel J Gibbons<br>Witherspoon Kelley<br>422 West Riverside Avenue<br>Suite 1100<br>Spokane, WA 99201-0300<br>509-624-5265<br>Fax: 509-458-2717<br>Email: djg@witherspoonkelley.com<br>Of Attorneys for Plaintiff | Robert R Heft<br>Daley & Heft LLP<br>462 Stevens Avenue<br>Suite 201<br>Solana Beach, CA 92075<br>858-755-5666<br>Fax: 858-755-7870<br>Email: rheft@daleyheft.com<br>Of Attorneys for Plaintiff |
| Samuel C Gazzo<br>Daley & Heft LLP<br>462 Stevens Avenue<br>Suite 201<br>Solana Beach, CA 92075<br>858-755-5666<br>Fax: 858-755-7871<br>Email: sgazzo@daleyheft.com<br>Of Attorneys for Plaintiff | Sarah N. Turner<br>Nicole Demmon<br>Gordon Rees Scully Mansukhani, LLP<br>701 5th Ave., Suite 2100<br>Seattle, WA 98104<br>206-695-5115<br>Fax: 206-689-2822<br>Email: sturner@grsm.com<br>ndemmon@grsm.com<br>Attorneys for Jason Pedigo |

  x    by electronic means through the Court's Case Management/Electronic Case Filing system on the date set forth above.

CERTIFICATE OF SERVICE - Page 1 (W. Wa Case No.  2:17-CV-00303-SMJ)                1312

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

by mailing a full, true and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the attorney as shown above, the last-known office address of the attorney, and deposited with the United States Postal Service at Portland, Oregon on the date set forth above.

THENELL LAW GROUP, P.C.

By:   /s/ Daniel E. Thenell
Daniel E. Thenell, WSBA No. 37297
E-mail:  dan@thenelllawgroup.com
Telephone: (503) 372-6450

CERTIFICATE OF SERVICE - Page 2 (W. Wa Case No.  2:17-CV-00303-SMJ)                1312