FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 29, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RECHAEL DRIVER,<br><br>               Plaintiff,<br><br>     v.<br><br>CLARKSON-DAVIS, a Texas limited liability company; JASON PEDIGO; COURTYARD SPOKANE DOWNTOWN AT THE CONVENTION CENTER, an unknown business entity; COURTYARD MANAGEMENT CORPORATION, a Delaware corporation; MARCOURT INVESTMENTS INCORPORATED, a Maryland corporation; and DOES 1–50,<br><br>               Defendants. | No.  2:17-CV-00303-SMJ<br><br>**ORDER DENYING MOTION FOR PROTECTIVE ORDER** |

Before the Court, without oral argument, are Plaintiff Rechael Driver, Defendant Jason Pedigo, and Defendant Clarkson Davis, LLC's joint motion for a protective order, ECF No. 153,[1] and related motion to expedite, ECF No. 154. The movants inform the Court that they have reached a settlement. ECF No. 155. According to the movants, the remaining Defendants ("Hotel Defendants") have

---

[1] The *praecipe* can be found at ECF No. 155.

ORDER DENYING MOTION FOR PROTECTIVE ORDER **-** 1

requested copies of the settlement agreement and demanded to receive settlement-related communications. ECF No. 155. They move for a protective order prohibiting disclosure of such information. *Id.* The Hotel Defendants oppose the motion. ECF No. 160. They specify that they seek (1) drafts, including the final draft, of the settlement release and (2) correspondence between counsel for Plaintiff and the settling Defendants that relate to settlement. *Id.*

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery on any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Discovery need not be admissible to be discoverable. Fed. R. Civ. P. 26(b)(1).

Here, the Hotel Defendants are potentially liable for negligence and negligent infliction of emotional distress. ECF No. 1. Although the movants argue that their settlement is irrelevant to the Hotel Defendants' defense, the Hotel Defendants posit that such information is relevant to the jury's determination of proportionate fault. Under Revised Code of Washington section 4.22.070, the liability of each Defendant shall be several and not joint, except "if the trier of fact determines that

ORDER DENYING MOTION FOR PROTECTIVE ORDER - 2

the claimant or party suffering bodily injury or incurring property damages was not at fault, the defendants against whom judgment is entered shall be jointly and severally liable for the sum of their proportionate shares of the claimants [claimant's] total damages."

The Court agrees with the Hotel Defendants. Under state law, such information is certainly relevant to the Hotel Defendants' defense regarding their proportionate share of fault in relation to the settling Defendants. And the sought-after information can also assist Hotel Defendants in "evaluating the value" of the case. ECF No. 160 at 3. As such, the information is discoverable. Moreover, the movants do not articulate why discovery of such information would cause "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P 26(c)(1). Although the movants cite public policy reasons to protect such information, such an argument goes to the admissibility of the information. As information need not be admissible to be discoverable, the Court rejects this argument.

Having reviewed the submitted documents and the file in this matter, the Court is fully informed and denies the protective order.

Accordingly, **IT IS HEREBY ORDERED**:

>Plaintiff Rechael Driver, Defendant Jason Pedigo, and Defendant Clarkson Davis, LLC's joint motion for a protective order, **ECF No.**

ORDER DENYING MOTION FOR PROTECTIVE ORDER **-** 3

**153**, is **DENIED**. The related motion to expedite, **ECF No. 154**, is **GRANTED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 29th day of January 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge