Witherspoon Kelley
Daniel J. Gibbons, Esq. (WSBA 33036)
422 W. Riverside Avenue, Suite 1100
Spokane, WA  99201-0300
Telephone: (509) 624-5265
Facsimile: (509) 458-2728
E-mail: djg@witherspoonkelley.com

Daley & Heft, LLP
Attorneys at Law
Robert R. Heft, Esq. (SBN 076739)
Samuel C. Gazzo, Esq. (SBN 212405)
Matthew T. Racine, Esq. (SBN 256865)
462 Stevens Avenue, Suite 201
Solana Beach, CA  92075
Telephone:  (858) 755-5666
Facsimile:  (858) 755-7870
E-mail: rheft@daleyheft.com
        sgazzo@daleyheft.com
        mracine@daleyheft.com

*Attorneys for Plaintiff Rechael Driver*

Hon. Salvador Mendoza, Jr.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| RECHAEL DRIVER, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>COURTYARD SPOKANE DOWNTOWN AT THE CONVENTION CENTER; an unknown business entity; COURTYARD MANAGEMENT CORPORATION, a Delaware corporation; MARCOURT INVESTMENTS INCORPORATED, a Maryland corporation; and DOES 1 through 50,<br><br>  Defendants. | Case No.:   2:17-cv-00303-SMJ<br><br>**PLAINTIFF RECHAEL DRIVER'S NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. EVID. 702 TO EXCLUDE OPINIONS OF DEFENDANTS' CONSTRUCTION EXPERT MARK J. LAWLESS RELATING TO HOTEL/HOSPITALITY STANDARDS OF CARE AND PRACTICE**<br><br>**05/22/19**<br>**Without Oral Argument** |

MOTION TO EXCLUDE EXPERT
LAWLESS - 1
{S1843473; 1 }

 WITHERSPOON·KELLEY
Attorneys & Counselors

PLEASE TAKE NOTICE THAT ON May 22, 2019, or as soon thereafter as the matter may be heard in the above-entitled Court located at 920 West Riverside Ave., Spokane, Washington, plaintiff Rechael Driver will and hereby does move this Court pursuant to Federal Rule of Evidence 702 to exclude defendants' retained construction expert Mark J. Lawless' Rule 26 reported opinions relating to hotel/hospitality standards of care and practice, and criticisms of plaintiff's standard of care expert Fred Del Marva's opinions, and to preclude Mr. Lawless from offering such opinions or criticisms regarding same at trial.

This motion is based on the grounds that defendants' retained construction expert Mark J. Lawless, admits he has no hospitality industry expertise, and therefore lacks any qualifications to opine about the hotel/hospitality standard of care issues, or to otherwise criticize or rebut plaintiff's retained standard of care expert, Mr. Fred Del Marva. As such, Mr. Lawless' standard of care related opinions and criticisms of Mr. Del Marva, should be precluded at trial.

This motion is further based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and all other pleadings and papers contained in the record.

Dated: April 22, 2019

WITHERSPOON KELLEY

By: *Daniel J. Gibbons*

Daniel J. Gibbons, Esq.
Witherspoon Kelley
422 W. Riverside Avenue, Suite 1100
Spokane, WA  99201-0300
Telephone: (509) 624-5265
Facsimile: (509) 458-2728
djg@witherspoonkelley.com

*Attorneys for Plaintiff, Rachael Driver*

MOTION TO EXCLUDE EXPERT
LAWLESS - 2
{S1843473; 1 }



Dated: April 22, 2019                    DALEY & HEFT, LLP


By:    *Samuel C. Gazzo*

Robert R. Heft, Esq.
Samuel C. Gazzo, Esq.
Matthew T. Racine, Esq.
Daley & Heft, LLP
Attorneys at Law
462 Stevens Avenue, Suite 201
Solana Beach, CA  92075
Telephone: (858) 755-5666
Facsimile: (858) 755-7870
rheft@daleyheft.com
sgazzo@daleyheft.com
mracine@daleyheft.com

*Attorneys for Plaintiff, Rechael Driver*

MOTION TO EXCLUDE EXPERT
LAWLESS - 3
{S1843473; 1 }

WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100          Phone: 509.624.5265
Spokane, Washington 99201-0300               Fax: 509.458.2728

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### <u>INTRODUCTION</u>

Plaintiff Rechael Driver moves under Rule 702 of the Federal Rules of Evidence to exclude defendants' retained *construction* expert Mark J. Lawless' Rule 26 reported opinions relating to *hotel/hospitality standards of care and practice* and to preclude him from offering opinions regarding same, or criticisms of plaintiff's standard of care expert Fred Del Marva's opinions, at trial. Mr. Lawless *admits* he has no hotel/hospitality industry expertise, and therefore lacks any qualifications to opine about the hotel/hospitality standards of care and practice, or to otherwise criticize or rebut Mr. Del Marva.

### II.

### <u>BACKGROUND AND FACTS</u>

Although not required to do so, defendants filed their expert reports with this Court at ECF 174.[1] Mr. Lawless provided two reports, one dated December 4, 2018, and one "response" report dated February 11, 2019.

In his February report, Mr. Lawless ostensibly offered rebuttal type opinions to portions of Plaintiff's hotel/hospitality standards of care and practice expert Mr. Del Marva's Rule 26 report. ECF 174, page 19-22. Mr. Lawless first admits that "[t]here is no doubt that Mr. Del Marva is an experienced individual when it comes to premises liability, security, and investigations with respect to hotels and various other locations in which the public might congregate." ECF 174, page 20. However, Mr. Lawless then admits that he and his company, Construction Systems Management, Inc. ("CSMI"), make "no claim to being knowledgeable or holding an expertise in the realm of security or hospitality." ECF 174, page 20. Yet, despite his

---

[1] Rather than attach a copy of Mr. Lawless' Rule 26 report to this motion, plaintiff will reference the copy of his report filed at ECF 174.

MOTION TO EXCLUDE EXPERT LAWLESS - 4
{S1843473; 1 }

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100        Phone: 509.624.5265
Spokane, Washington 99201-0300             Fax: 509.458.2728

admitted lack of qualifications, Mr. Lawless goes on to offer two pages of opinions, observations, and criticisms of Mr. Del Marva's standard of care and practice opinions.  Obviously, such opinions, observations, and criticisms are without any foundation and should be excluded; furthermore such opinions, observations, and criticisms should be excluded from his testimony at trial.

### III.

### ARGUMENT

Rule 702 of the Federal Rules of Evidence provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

"It is the trial judge's responsibility to act as a 'gatekeeper' by ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Morris v. Mitsubishi Motors N. Am., Inc.,* No. CV-08-0396-RMP, 2010 WL 11561496, at \*4 (E.D. Wash. Dec. 27, 2010) (*quoting Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 57 (1993) (internal quote marks omitted).

Courts are required to perform their expert testimony gate-keeping role for all types of experts, scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 136, 147 (1999); *United States v. Hankey*, 203 F.3d 1160, 1169 n.7 (9th Cir. 2000). In the case of non-scientific testimony, such as that by Mr. Lawless, the reliability of the testimony depends more on the expert's knowledge and experience than on the methodology or theory behind the expert's opinion. *Living Designs, Inc. v. Dupont*

MOTION TO EXCLUDE EXPERT
LAWLESS - 5
{S1843473; 1 }



WK **WITHERSPOON · KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100       Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

*de Nemours & Co.,* 431 F.3d 353, 369 n.14 (9th Cir. 2005) (*quoting Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004)).

Mr. Lawless admits that Mr. Del Marva is a hospitality and security expert. ECF 174, page 20.  Lawless also admits that he has no knowledge or expertise in these same areas.  ECF 174, page 20.  Because any opinion Lawless has with respect to hotel/hospitality standards of care and practice or criticism of Del Marva's opinions is outside of Lawless' *admitted* area of expertise, his opinions lack foundation, will not be helpful to the trier of fact, and should be excluded.  See, e.g., *Perez v. City of Austin*, No. A-07-CA-044 AWA, 2008 WL 1990670, at *6 (W.D. Tex. May 5, 2008) (excluding opinions about constitutional law and police psychology as outside the scope of police practices expert); *In re Mirena IUD Prod. Liab. Litig.*, 169 F. Supp. 3d 396, 486 (S.D.N.Y. 2016) (finding it was outside the scope of an expert on data analysis to opine whether Bayer's pharmacovigilance practices were good or bad); *Wreal, LLC v. Amazon.com, Inc.*, No. 14-21385-CIV, 2016 WL 8793317, at *9 (S.D. Fla. Jan. 7, 2016) (decision of magistrate judge recommending expert on the academic study of pornography be prevented from testifying about Amazon's sales and corporate policy relating to pornography because such areas were outside her expertise).

Based simply on Mr. Lawless' *admitted* lack of qualifications and expertise relating to hotel/hospitality standards of care and practice, his reported opinions/criticisms should be excluded and he should be further precluded from testifying regarding same at trial.

**IV.**

**<u>CONCLUSION</u>**

In light of the foregoing, plaintiff asks this Court to exclude Mr. Lawless' Rule 26 reported opinions relating to hotel/hospitality standards of care and practice and to preclude him from offering opinions regarding same, or criticisms of

MOTION TO EXCLUDE EXPERT LAWLESS - 6
{S1843473; 1 }

 WITHERSPOON · KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100         Phone: 509.624.5265
Spokane, Washington 99201-0300            Fax: 509.458.2728

plaintiff's standard of care expert Fred Del Marva's opinions, at trial.

Dated: April 22, 2019                WITHERSPOON KELLEY

By:  */s/ Daniel J. Gibbons*
     Daniel J. Gibbons, Esq.
     Witherspoon Kelley
     422 W. Riverside Avenue, Suite 1100
     Spokane, WA  99201-0300
     Telephone: (509) 624-5265
     Facsimile: (509) 458-2728
     djg@witherspoonkelley.com

     *Attorneys for Plaintiff, Rachael Driver*

Dated: April 22, 2019                DALEY & HEFT, LLP

By:  */s/ Samuel C. Gazzo*
     Robert R. Heft, Esq.
     Samuel C. Gazzo, Esq.
     Matthew T. Racine, Esq.
     Daley & Heft, LLP
     Attorneys at Law
     462 Stevens Avenue, Suite 201
     Solana Beach, CA  92075
     Telephone: (858) 755-5666
     Facsimile: (858) 755-7870
     rheft@daleyheft.com
     sgazzo@daleyheft.com
     mracine@daleyheft.com

     *Attorneys for Plaintiff, Rechael Driver*

MOTION TO EXCLUDE EXPERT
LAWLESS - 7
{S1843473; 1 }

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100        Phone: 509.624.5265
Spokane, Washington 99201-0300             Fax: 509.458.2728

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of April, 2019,

1.    I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Daniel E. Thenell: | dan@thenelllawgroup,com |
| Christina Anh Ho: | christina@thenelllawgroup.com |
| Barry A. Johnsrud: | johnsrudb@jacksonlewis.com |
| Mehronissa Modgil: | mehronissa.modgil@jacksonlewis.com |
| Victor Corpuz: | CorpusV@jacksonlewis.com |
| Jason Pedigo: | JasonPedigo@yahoo.com |
| Sarah N. Turner | struner@grsm.com |
| Nicole Demmon | ndemmon@grsm.com |

2.    I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants at the address listed:  **None.**

3.    I hereby certify that I have mailed by United States Postal Service the document to the following CM/ECF participants at the address listed below:  **None.**

4.    I hereby certify that I have hand-delivered the document to the following participants at the addresses listed below:  **None.**

WITHERSPOON KELLEY

By: */s/ Daniel J. Gibbons*
Daniel J. Gibbons, WSBA #33036
*Attorneys for Plaintiff*

MOTION TO EXCLUDE EXPERT
LAWLESS - 8
{S1843473; 1 }



422 W. Riverside Avenue, Suite 1100        Phone: 509.624.5265
Spokane, Washington 99201-0300        Fax: 509.458.2728