FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 22, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RECHAEL DRIVER,<br><br>                                    Plaintiff,<br><br>        v.<br><br>COURTYARD SPOKANE DOWNTOWN AT THE CONVENTION CENTER, an unknown business entity; COURTYARD MANAGEMENT CORPORATION, a Delaware corporation; MARCOURT INVESTMENTS INCORPORATED, a Maryland corporation; and DOES 1–50,<br><br>                                    Defendants. | No.    2:17-cv-00303-SMJ<br><br>**ORDER ON MOTIONS TO EXCLUDE EXPERT OPINIONS OF MANUEL SAINT MARTIN AND MARK J. LAWLESS** |

Before the Court, without oral argument, are Plaintiff Rechael Driver's motion to exclude opinions of Defendants' expert Manuel Saint Martin, ECF No. 227, and motion to exclude opinions of Defendants' expert Mark J. Lawless, ECF No. 228. Defendants failed to file timely responses to the motions by May 6, 2019. *See* LCivR 7(c)(2)(B). On May 16, 2019, the Court ordered Defendants to show cause why they again failed to comply with the local rules.[1] Defense counsel Daniel

---

[1] Defendants previously failed to timely respond to Plaintiff's Motion to Determine Sufficiency of Answers or Objections, ECF No. 195.

ORDER ON MOTIONS TO EXCLUDE EXPERT OPINIONS OF MANUEL
SAINT MARTIN AND MARK J. LAWLESS **-** 1

E. Thenell responded by explaining that the administrative assistant calendaring the response time accidentally construed the motions as dispositive, and calendared the response time as 21 days instead of 14 days. ECF Nos. 284; 286. Thenell notes that the first time he learned of this issue was on May 16, 2019, when the Court ordered Defendants to show cause, ECF No. 284, and that he has since taken steps to prevent this from occurring in the future, ECF No. 285.

This is puzzling given that on May 13, 2019, Plaintiff filed notices regarding the lack of response by Defendants. *See* ECF Nos. 275, 276. Moreover, the administrative assistant's mistake appears inexcusable given that she should have been supervised and properly trained,[2] especially following the previous Court order that construed Defendants' failure to timely respond as consent to enter an order adverse to them. *See* ECF No. 223. In other words, any preventive steps should have already been taken following the April 11, 2019 order.

Due to the minimal impact on proceedings, as Plaintiff filed reply briefs in advance of the Court's consideration of this matter, the Court excuses the untimely response briefs and considers the merits. Nonetheless, defense counsel is warned that any subsequent failure to comply with Local Civil Rule 7, or any local rules for that matter, shall not be favorably viewed upon.

//

---

[2] *See* Washington Rule of Professional Conduct 5.3.

ORDER ON MOTIONS TO EXCLUDE EXPERT OPINIONS OF MANUEL SAINT MARTIN AND MARK J. LAWLESS **-** 2

**A.    Manuel Saint Martin**

Plaintiff moves under Federal Rule of Evidence 702 to exclude the opinions of defense expert Manuel Saint Martin that were expressed in his expert report, ECF No. 174 at 34–36. Plaintiff argues Martin's opinions that she (1) does not have post-traumatic stress disorder ("PTSD") and (2) does not need future treatment lack foundation because he never examined her or indicated he reviewed any of her medical or psychological treatment records as a basis for his opinions. ECF No. 227 at 4.

Rule 702 provides that an expert witness may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Plaintiff essentially argues that Martin's opinions are unsupported by sufficient facts or data because he relied solely on the reports of Plaintiff's experts in forming his opinions. ECF No. 227 at 5. However, Martin subsequently filed a declaration indicating that he did indeed review Plaintiff's medical records by Michelle Jensen, LMFT, prior to preparing the initial report. ECF No. 280 at 1. Moreover, Martin received and reviewed medical records by Bonnie Rumble, MFT,

ORDER ON MOTIONS TO EXCLUDE EXPERT OPINIONS OF MANUEL SAINT MARTIN AND MARK J. LAWLESS - 3

on May 3, 2019, and thus prepared a supplemental report. *Id.* In addition to these medical records, Martin also reviewed deposition transcripts, photographs from Plaintiff's Facebook page, and the police report. *Id.* In light of this information, the Court finds that Martin's opinions were based on sufficient facts and data.

Plaintiff nevertheless argues that Martin's opinions should be excluded because he never examined her. ECF No. 288. She notes that in the absence of an in-person examination, Martin's opinion that she could not suffer from PTSD still lacks foundation. The Court disagrees. Based on Martin's assessment of Plaintiff's expert opinions and conclusions, and having reviewed the records provided to him, he opined that her symptoms were inconsistent with PTSD. *See* ECF Nos. 174, 279-1. This is sufficient for the Court to satisfactorily exercise its gatekeeping function to ensure that the proffered testimony is relevant and reliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). While Plaintiff's argument is well taken, she may utilize vigorous cross-examination to attack the weight given to Martin's opinions and conclusions. Plaintiff's motion is denied as to Manuel Saint Martin.

**B.    Mark J. Lawless**

Plaintiff also moves under Rule 702 to exclude the opinions of Defendants' construction expert, Mark J. Lawless. ECF No. 228. Specifically, she moves to exclude his reported opinions pertaining to hotel and hospitality standards of care

ORDER ON MOTIONS TO EXCLUDE EXPERT OPINIONS OF MANUEL SAINT MARTIN AND MARK J. LAWLESS - 4

and practice, and criticizing the opinions of Plaintiff's expert, Fred Del Marva. *Id.* She argues that Lawless has no hospitality industry expertise and yet, opines about—and attempts to rebut Plaintiff's expert on—matters pertaining to hotel and hospitality standards of care. *Id.* This proffered testimony, she argues, is unhelpful to the trier of fact and lacks foundation. *Id.*

Plaintiff is partially correct. Lawless indeed does not have the specialized knowledge necessary to comment on Marva's findings as they relate to hotel and hospitality standards of care, so any testimony rebutting Marva's findings will be unhelpful to the trier of fact and thus, excludable.

Nonetheless, in his role as a construction expert, Lawless may certainly opine about whether doors and related parts were properly installed and met applicable codes and standards. To the extent that certain construction-related codes and standards require a distinct analysis, such as whether an owner met its responsibilities as outlined in chapter 17F.070 of the Spokane Municipal Code, titled the "Existing Building and Construction Code," Lawless may certainly form an opinion based on his experience in the construction industry. *See* ECF No. 174 at 26 (noting that "the responsibilities of an owner under this chapter include . . . maintaining the building in a sound structural condition; . . . keeping those parts of the premises under his control, including shared, common or public areas, clean, *safe* and sanitary;" etc. (emphasis added)). Thus, whether an owner maintained the

ORDER ON MOTIONS TO EXCLUDE EXPERT OPINIONS OF MANUEL SAINT MARTIN AND MARK J. LAWLESS **-** 5

premises in a safe manner, for example, is within his realm of expertise as it relates to construction.

Lawless would not, on the other hand, have sufficient specialized knowledge to opine about non-construction-related manuals, policies, and standards, such as the Washington State Hospitality Law Manual. In his expert report, Lawless includes a separate section for opinions. *See id.* at 28–29. These stated opinions appear to relate to matters within Lawless's specialized construction expertise and knowledge and as such, the Court denies Plaintiff's motion to exclude them.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's motion to exclude opinions of Defendants' expert Manuel Saint Martin, **ECF No. 227**, is **DENIED**.

2.    Plaintiff's motion to exclude opinions of Defendants' expert Mark J. Lawless, **ECF No. 228**, is **GRANTED IN PART AND DENIED IN PART**.

   *A.*    Defendants' expert Mark J. Lawless's opinions criticizing Plaintiff's expert Fred Del Marva, expressed in his Federal Rule of Civil Procedure 26 report, ECF No. 174 at 19–22, are **EXCLUDED**.

//

//

ORDER ON MOTIONS TO EXCLUDE EXPERT OPINIONS OF MANUEL SAINT MARTIN AND MARK J. LAWLESS - 6

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 22nd day of May 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER ON MOTIONS TO EXCLUDE EXPERT OPINIONS OF MANUEL SAINT MARTIN AND MARK J. LAWLESS - 7