FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 27, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RECHAEL DRIVER,<br><br>                Plaintiff,<br><br>      v.<br><br>COURTYARD SPOKANE DOWNTOWN AT THE CONVENTION CENTER, an unknown business entity; COURTYARD MANAGEMENT CORPORATION, a Delaware corporation; MARCOURT INVESTMENTS INCORPORATED, a Maryland corporation; and DOES 1–50,<br><br>                Defendants. | No.   2:17-cv-00303-SMJ<br><br>**ORDER DENYING DEFENDANTS' SUMMARY JUDGMENT MOTION** |

Before the Court is a motion for summary judgment filed by Defendants Courtyard Management Corporation, Courtyard Spokane Downtown at the Convention Center, and Marcourt Investments Incorporated. ECF No. 239. Plaintiff Rechael Driver opposes the motion. ECF No. 269. As the Court finds that oral argument is not warranted under Local Civil Rule 7(i)(3)(B)(iii), the Court considered the motion without oral argument on the date signed below. Having reviewed the briefs and documents submitted, the Court is fully informed and denies the motion.

ORDER DENYING DEFENDANTS' SUMMARY JUDGMENT MOTION - 1

# I.    LEGAL STANDARD

A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Summary judgment is appropriate if the record establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The moving party has the initial burden of showing that no reasonable trier of fact could find other than for the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets its burden, the nonmoving party must point to specific facts establishing a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986).

"[A] mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting *Anderson*, 477 U.S. at 249, 252). If the nonmoving party fails to make such a showing for any of the elements essential to its case as to which it would have the

ORDER DENYING DEFENDANTS' SUMMARY JUDGMENT MOTION **-** 2

1    burden of proof at trial, the trial court should grant the summary judgment motion.

2    *Celotex*, 477 U.S. at 322.

3    The Court must view the facts and draw inferences in the manner most

4    favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Chaffin v. United*

5    *States*, 176 F.3d 1208, 1213 (9th Cir. 1999). And, the Court "must not grant

6    summary judgment based on [its] determination that one set of facts is more

7    believable than another." *Nelson v. City of Davis*, 571 F.3d 924, 929 (9th Cir. 2009).

8    ## II.    BACKGROUND

9    This case arises out of an incident where Plaintiff and one of her direct

10    supervisors, Jason Pedigo, traveled to Spokane, Washington on a business trip in

11    July 2016. ECF No. 361 at 1. They stayed at the Courtyard Spokane Downtown at

12    the Convention Center. *Id.* Pedigo successfully used a Ryobi scope to spy on

13    Plaintiff by sticking it underneath a connector door between their rooms.

14    On August 28, 2017, Plaintiff sued Pedigo, Clarkson-Davis (her former

15    employer), Courtyard Management Corporation, Courtyard Spokane Downtown at

16    the Convention Center, and Marcourt Investments Incorporated. ECF No. 1. Pedigo

17    and Clarkson-Davis were subsequently dismissed, along with all claims against

18    them, due to a settlement agreement. *See* ECF No. 180. Remaining are Plaintiff's

19    claims for negligence and negligent infliction of emotional distress. ECF No. 1 at

20    25–28.

## III.    DISCUSSION

Defendants argue that (1) Plaintiff cannot provide any evidence as to liability, (2) Plaintiff cannot provide any evidence of emotional distress, (3) Plaintiff cannot provide any evidence as to portions of past loss of wages and benefits and any evidence of future loss of wages and benefits, and (4) there is no evidence Pedigo's criminal acts were foreseeable. ECF No. 239. They ask for summary judgment on each of those points. *Id.*

### A.    Duty and breach

Defendants argue that Plaintiff has provided no evidence as to liability on her negligence[1] claim because the "only duty Courtyard Spokane had in regard to the connecting doors was to comply with the local and state building codes, and national building standards at the time the Courtyard Spokane was built in 1987," which they argue was met. ECF No. 239 at 8–9. In other words, they argue that because they did not breach their limited duty, they cannot be liable for negligence.

In her Complaint, Plaintiff alleged that Defendants "owed a duty to exercise reasonable and ordinary care for the ownership, construction, management, maintenance, supervision, control and operation of the Courtyard Spokane Downtown at the Convention Center hotel, including ensuring the safety and

---

[1] The elements that must be met for a negligence claim are duty, breach, causation, and damages. *Hansen v. Friend*, 118 Wash. 2d 476, 479 (1992).

ORDER DENYING DEFENDANTS' SUMMARY JUDGMENT MOTION **-** 4

1    privacy of its guests, patrons, business invitees and persons like Plaintiff"—a duty

2    far broader than complying with only building codes and standards. ECF No. 1 at

3    26. Plaintiff argues that Defendants fail to even address non-construction-related

4    aspects of their alleged duty, including maintenance, supervision, control, and

5    operation. ECF No. 269 at 8–9. Plaintiff essentially argues that because Defendants'

6    duty was much broader than simply complying with local and state building codes,

7    there is sufficient evidence of liability regarding failure to meet that duty.

8         Defendants' duty is a question of law that the Court can answer without

9    reference to the facts or parties in a particular case. *See Nivens v. 7-11 Hoagy's*

10   *Corner*, 83 Wash. App. 33, 41 (1996). Generally, an innkeeper owes the duty to his

11   or her guests to exercise reasonable and ordinary care for their safety and to protect

12   them from intentional injury at the hands of a fellow guest. *Miller v. Staton*, 58

13   Wash. 2d 879, 883 (1961). Thus, the Court determines that Defendants owed a duty

14   of reasonable care to Plaintiff.

15        However, the scope and extent of duty is limited to the range of danger

16   foreseeable to the innkeeper. *See Bernethy v. Walt Failor's, Inc.*, 97 Wash. 2d 929

17   (1982); *Rikstad v. Holmberg,* 76 Wash. 2d 265, 268 (1969); *Knott v. Liberty Jewelry*

18   *& Loan, Inc.*, 50 Wash. App. 267, 271 (1988). "Once this initial determination of

19   legal duty is made, the jury's function is to decide the foreseeable range of danger

20   therefore limiting the scope of that duty." *Bernethy v. Walt Failor's, Inc.*, 97 Wash.

ORDER DENYING DEFENDANTS' SUMMARY JUDGMENT MOTION **-** 5

2d 929, 933 (1982); *Simonetta v. Viad Corp.*, 165 Wash. 2d 341, 349 n.4 (2008).

Consequently, the Court turns to whether there is a genuine dispute that invasion of

privacy was reasonably foreseeable to Defendants. *See Niece v. Elmview Grp.*

*Home*, 131 Wash. 2d 39, 50 (1997); *Rikstad*, 76 Wash. 2d at 269. If so, the jury

must decide the foreseeable range of danger and resolve the parties' arguments

about the scope and breach of that duty. *See Simonetta*, 165 Wash. 2d at 349 n.4

### 1.    Foreseeability

If the possibility of intrusion of privacy by other hotel guests "was within the

general field of danger which should have been anticipated," then Pedigo's

intrusion of privacy was legally foreseeable. *Niece*, 131 Wash. 2d at 50. Intentional

or criminal conduct is foreseeable unless it is "so highly extraordinary or

improbable as to be wholly beyond the range of expectability." *Id.* (citing *Johnson*

*v. State*, 77 Wash. App. 934, 942 (1995)).

Defendants point to testimony of its employees indicating that they have

never heard of a scope being placed underneath connecting doors and that there

have not been any complaints of voyeurism, especially through a connecting door.

*See, e.g.*, ECF Nos. 240-2, 240-3, 240-4, 240-8. But that takes too literal of a

position on foreseeability, as foreseeability may be determined by extrinsic

considerations. *See Niece*, 131 Wash. 2d at 51 (considering not only previous

incidents, but also policies, opinions of experts, and legislative recognition).

ORDER DENYING DEFENDANTS' SUMMARY JUDGMENT MOTION **-** 6

1    Here, Plaintiff's expert points to the case of *Andrews v. West End Hotel*

2  *Partners, LLC et al.*, involving a voyeurism incident where a guest was spied on

3  through an altered peep hole. *See* ECF No. 257. Plaintiff's expert also opines that

4  voyeurisms are well known and entirely foreseeable to hotel operators. *See* ECF

5  Nos. 236-1 at 11, 257.

6    Plaintiff further points to the fact that the hotel had an informal policy of

7  informing guests who will be placed in connecting rooms upon check-in, to allow

8  either guest to opt out. *See* ECF Nos. 273-3, 273-4, 273-5. She also points to

9  Washington Administrative Code section 246-360-030(1)(f)(i), which provides,

10  "The [hotel] licensee must . . . [a]dequately supervise employees and transient

11  accommodation premises to ensure the transient accommodation is . . . safe . . . and

12  in good repair."

13    Having reviewed the briefs and the record, the Court concludes that Plaintiff

14  has raised a genuine dispute about the foreseeable range of danger. Accordingly, a

15  jury must determine the foreseeable range of danger and thus, the scope of

16  Defendants' duty—which will then inform their findings as to whether Defendants

17  breached that duty. Plaintiff may certainly pursue multiple theories of liability.

18  Defendants' motion is denied as to liability and foreseeability.

19  **B.    Emotional distress**

20    The Court next turns to Defendants' argument that Plaintiff fails to provide

ORDER DENYING DEFENDANTS' SUMMARY JUDGMENT MOTION **-** 7

1    evidence of objective symptomatology[2] to support her negligent infliction of

2    emotional distress claim. ECF No. 239 at 9.

3        Objective symptomatology requires that a plaintiff establish emotional

4    distress susceptible to medical diagnosis and proved through medical evidence.

5    *Kumar v. Gate Gourmet Inc.*, 180 Wash. 2d 481, 506 (2014). A plaintiff's emotional

6    response must be reasonable under the circumstances. *Hunsley v. Giard*, 87 Wash.

7    2d 424, 436 (1976). There need not be any physical manifestation of the emotional

8    distress, but there must be "objective evidence regarding the severity of the distress,

9    and the causal link between the observation at the scene and the subsequent

10   emotional reaction." *Hegel v. McMahon*, 136 Wash. 2d 122, 135 (1998). "Examples

11   of emotional distress would include neuroses, psychoses, chronic depression,

12   phobia, shock, post traumatic stress disorder, or any other disabling mental

13   condition," as well as other diagnosable emotional disorders. *Id.* at n.5.

14       Defendants argue that Plaintiff did not have any physical symptoms; did not

15   see any medical providers for her hair loss, nausea, and canker sores; and did not

16   take any medications. ECF No. 239 at 10. Moreover, none of her therapists testified

17   that Plaintiff suffered any of those symptoms. *Id.*

18       Importantly, though, Plaintiff has been diagnosed with chronic Post-

19

20   [2] "A plaintiff may recover for negligent infliction of emotional distress if she proves duty, breach, proximate cause, damage, and 'objective symptomatology.'" *Kumar v. Gate Gourmet Inc.*, 180 Wash. 2d 481, 505 (2014).

ORDER DENYING DEFENDANTS' SUMMARY JUDGMENT MOTION **-** 8

1   Traumatic Stress Disorder, as well as Adjustment Disorder with Anxiety and

2   Depression. ECF Nos. 273-6, 273-7, 230-3, 254. This constitutes sufficient

3   objective evidence—certainly medically diagnosed and proved through medical

4   evidence—of Plaintiff's emotional distress that has a causal link to the incident.

5   Accordingly, the Court denies Defendants' motion as to evidence of emotional

6   distress damages.

7   **C.      Past and future loss of wages and benefits**

8          In her Complaint, Plaintiff seeks, *inter alia*, lost wages (back pay and front

9   pay) and benefits. ECF No. 1 at 29. Defendants argue there is no evidence Plaintiff

10  will continue to experience loss of benefits or suffer any type of loss of future

11  earning capacity. ECF No. 239 at 11. They point to the fact that, after her

12  employment with Clarkson-Davis was terminated, Plaintiff was hired at Amy

13  Porterfield, Inc. but left in February 2019 due to stress. *Id.* As such, they argue, any

14  loss of future earning capacity or benefits following February 2019 is attributable

15  solely to Plaintiff.[3]

16         However, Plaintiff in response argues that she will face "retardation of wage

17  growth because of her emotional injuries which may continue for her entire work

18  _____

19  [3] In her deposition, Plaintiff testified that when she left Amy Porterfield, Inc., she
    was making $52,500—a salary higher than what she made at Clarkson-Davis. *See*
    ECF No. 240-1 at 4. Importantly, she left because it was "very demanding" with the

20  "long hours and tight deadlines." *Id.* at 5. She further testified that the resignation
    had nothing to do with the voyeurism incident. *Id.*

ORDER DENYING DEFENDANTS' SUMMARY JUDGMENT MOTION **-** 9

1  life." ECF No. 269 at 16. Indeed, there is evidence in the record that because of

2  Plaintiff's avoidance of male relationships and discomfort working with male

3  coworkers, she may not be able to remediate her pre-injury benefits even though

4  she may be able to recapture her pre-injury wage. *See* ECF Nos. 226-5 at 7–8; ECF

5  No. 243-4. Thus, the Court rejects Defendants' argument.

6      Defendants additionally argue that Plaintiff cannot show past wage loss or

7  lost benefits claims following January 2017, when Clarkson-Davis terminated all

8  of its employees. ECF No. 239 at 12. In support of the fact that Clarkson-Davis

9  terminated all of its employees in January 2017, they proffer a screenshot of a text

10 message chain between Plaintiff and a friend, Kaitlyn Howe. *See* ECF No. 240-10.

11     However, the Court agrees with Plaintiff's evidentiary objections, filed at

12 ECF No. 270, that this evidence is inadmissible under Federal Rules of Evidence

13 602, 801, and 901. *See Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181

14 (9th Cir. 1988) (noting that a court may consider only admissible evidence in ruling

15 on a summary judgment motion); *Cristobal v. Siegel*, 26 F.3d 1488, 1494 (9th Cir.

16 1994) (noting that unauthenticated documents may not be considered); *Blair Foods,*

17 *Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir. 1980) (noting that hearsay

18 statements may not be considered). Accordingly, the Court excludes the screenshot

19 from consideration and rejects Defendants' argument. Because Defendants fail to

20 meet their burden to show that they are entitled to summary judgment, the Court

ORDER DENYING DEFENDANTS' SUMMARY JUDGMENT MOTION **-** 10

1    denies their motion as to past and future loss of wages and benefits.

2         Accordingly, **IT IS HEREBY ORDERED**:

3         **1.**    Defendants' summary judgment motion, **ECF No. 239**, is **DENIED**.

4         **2.**    The Clerk's Office is **DIRECTED** to **STRIKE** ECF No. 240-10.

5         **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and

6    provide copies to all counsel.

7         **DATED** this 27th day of June 2019.

8         _____
          SALVADOR MENDOZA, JR.

9         United States District Judge

10

11

12

13

14

15

16

17

18

19

20

ORDER DENYING DEFENDANTS' SUMMARY JUDGMENT MOTION **-** 11