FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 26, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RECHAEL DRIVER,<br><br>      Plaintiff,<br><br>  v.<br><br>COURTYARD SPOKANE DOWNTOWN AT THE CONVENTION CENTER, an unknown business entity; COURTYARD MANAGEMENT CORPORATION, a Delaware corporation; MARCOURT INVESTMENTS INCORPORATED, a Maryland corporation; and DOES 1–50,<br><br>      Defendants. | No. 2:17-cv-00303-SMJ<br><br>**ORDER ENFORCING SANCTION FOR DEFENDANTS' FAILURE TO OBEY SCHEDULING ORDER** |

  At the pretrial conference held on August 20, 2019, the Court granted Plaintiff Rechael Driver's request for clarification and ruled Defendants Courtyard Spokane Downtown at the Convention Center, Courtyard Management Corporation, and Marcourt Investments Incorporated (the "Hotel Defendants") are precluded from presenting an "empty chair" defense at trial. ECF No. 384 at 1. This Order memorializes and supplements the Court's oral ruling.

  The Hotel Defendants pleaded the affirmative defense that (1) "Plaintiff's damages, if any, were caused or contributed to by Co-Defendants [Jason] Pedigo

ORDER ENFORCING SANCTION FOR DEFENDANTS' FAILURE TO OBEY SCHEDULING ORDER - 1

and Clarkson-Davis. Therefore, any award made in favor of Plaintiff in this case must be reduced by an amount equal to the percentage of fault of others in causing or contributing the damages alleged in the Complaint"' and (2) "Plaintiff's damages, if any, were caused or contributed to by Co-Defendant Pedigo's criminal conduct." ECF No. 33 at 10.

The Court issued its Scheduling Order on March 27, 2018. ECF No. 83. In it, the Court ordered, "[e]ach party shall file and serve a notice **no later than one week after the discovery cut-off** indicating which previously-plead claims and/or affirmative defenses will be adjudicated at trial." *Id.* at 5.

The Court issued an Amended Scheduling Order on October 23, 2018. ECF No. 138. The Court continued trial and extended remaining pretrial deadlines. *Id.* at 2–3. The Court reset the discovery cutoff to April 16, 2019 and reminded the parties to file their "Notice of To-Be-Adjudicated Claims and Affirmative Defenses" no later than "**1 Week After Discovery Cutoff**," or by April 23, 2019. *Id.* at 2. The Court expressly declared, "[a]ll other . . . procedures set forth in the Court's March 27, 2018 Scheduling Order, ECF No. 83, remain unchanged." *Id.*

The Hotel Defendants' did not file a notice of their to-be-adjudicated affirmative defenses by April 23, 2019, or at any other time. Nor did they seek leave to extend their deadline for doing so. The Hotel Defendants have repeatedly failed to comply with the Court's deadlines and procedures on other occasions. *See, e.g.*,

ECF Nos. 134, 201, 212, 222, 223, 282, 283, 289, 353.

Plaintiff moved to preclude the Hotel Defendants from presenting their affirmative defenses, arguing "they should be precluded from doing so due to their failure to again follow this Court's Scheduling Order." ECF No. 301 at 5. The Hotel Defendants responded, acknowledging Plaintiff's motion would, if granted, extend to "evidence regarding the empty chair defense." ECF No. 324 at 7.

The Court issued its Order Ruling on Motions *in Limine* on July 3, 2019. ECF No. 379. In it, the Court granted Plaintiff's motion and ruled, "Defendants may not seek adjudication or determination of any affirmative defenses, although they may certainly undermine Plaintiff's ability to meet her burden of proof." *Id.* at 3 (citing Fed. R. Civ. P. 16(f), 37(b)(2)(A)(ii)). The Hotel Defendants did not move for reconsideration of this order and the July 17, 2019 deadline to do so has passed.[1] *See* ECF No. 83 at 11.

Despite the Court's earlier ruling, the Hotel Defendants nevertheless

---

[1] On August 23, 2019, the Hotel Defendants moved for reconsideration of the Court's oral clarification provided on August 20, 2019. *See* ECF No. 387. This oral clarification merely enforced the Court's written order issued on July 3, 2019 and is not itself the proper subject of a motion for reconsideration. To the extent the Hotel Defendants seek reconsideration of the written order, their motion is untimely and violates the Court's deadlines and procedures. *See* ECF No. 83 at 11 ("[A]ny Motion to Reconsider shall be filed no later than fourteen (14) days after the filing date of the Order which is the subject of the motion . . . . Counsel shall follow Civil Rule 7(h) of the Local Rules for the United States District Court for the Western District of Washington." (emphasis omitted)). The motion is denied.

ORDER ENFORCING SANCTION FOR DEFENDANTS' FAILURE TO OBEY SCHEDULING ORDER - 3

attempted to advance the empty chair defense in their list of witnesses, exhibits, and deposition designations. *See* ECF No. 323 at 6–7, 9; ECF No. 326 at 2, 5–6; ECF No. 375 at 11–12, 15–17. Plaintiff sought clarification on whether the Court's prior order encompasses the empty chair defense. ECF No. 382 at 2–3. The Hotel Defendants similarly sought clarification on whether former Defendants Pedigo and Clarkson-Davis will appear on the verdict form. ECF No. 383 at 14.

The empty chair defense is no different than a nonparty's comparative fault, which is an affirmative defense under Washington law. *See* Wash. Rev. Code § 4.22.070(1); Wash. Super. Ct. Civ. R. 12(i); 6 Wash. State Supreme Court Comm. on Jury Instructions, *Washington Practice Series: Washington Pattern Jury Instructions—Civil* WPI 21.10 & note, cmt. (7th ed. 2019 update). Regardless of what the Court's pre-July 3, 2019 orders may have said, it should have been clear to the Hotel Defendants that they are now precluded from advancing the empty chair defense and the jury will not consider any nonparty's comparative fault.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** At trial, the Hotel Defendants may not present evidence on, or seek adjudication or determination of, any affirmative defenses, including but not limited to the affirmative defense of a nonparty's comparative fault, also known as the "empty chair" defense.

**2.** Former Defendants Pedigo and Clarkson-Davis shall not appear on the

verdict form.

**3.** The Hotel Defendants' Motion to Reconsider, **ECF No. 387**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 26th day of August 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER ENFORCING SANCTION FOR DEFENDANTS' FAILURE TO OBEY SCHEDULING ORDER - 5